### THE PEOPLE *v*. PEÑA.

APPEAL from the District Court of San Juan, Section 2.

No. 457.—Decided November 20, 1912.

CRIMINAL LAW—FORMER JEOPARDY—PLEA ENTERED DURING TRIAL.—During the progress of the trial and after the jury have been sworn and had the informa- tion read to them, a defendant who pleaded not guilty on arraignment may enter the additional plea, with the permission of the court, that he was once in jeopardy in a municipal court for the same offense.

ID.—FORMER JEOPARDY—DEMURRER—"PEREMPTORY EXCEPTION"—"BAR"— ERRONEOUS TRANSLATION.—On various occasions the plea of former jeopardy has been erroneously considered by trial courts as a demurrer or "peremp- tory exception" to the information, because the word "bar" in the English text of section 169 of the Code of Criminal Procedure has been translated erroneously into Spanish as "*excepción peremtoria*" while the real trans- lation should be "*obstáculo*" or "*impedimento*". The pertinent part of section 169 of the Code of Criminal Procedure in Spanish should read, "*tal convicción, absolución o peligro constituirá impedimento a una nueva acusación*" or "*impedirá la presentación de neuva acusación.*"

ID.—FORMER JEOPARDY—CONSIDERATION OF PLEA OF FORMER JEOPARDY BY JURY.— The defendant in the case at bar having pleaded former jeopardy in due time and manner, it was the duty of the trial court to submit the matter to the jury for consideration in rendering their verdict.

ID.—FORMER JEOPARDY—ASSAULT AND BATTERY—AGGRAVATED ASSAULT AND BAT- TERY—ASSAULT WITH INTENT TO COMMIT HOMICIDE.—When, as in the case at bar, an accused person is acquitted of the charge of assault and battery by a municipal court, said judgment of acquittal is a bar to a verdict of guilty against the same person by a jury in a district court for the crime of aggra- vated assault and battery on a new information for charging the crime of assault with intent to commit homicide.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Charles E. Foote, Fiscal,* for The People.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case had its origin in the Second Section of the District Court of San Juan, where an information was pre- sented on October 13 of last year, charging Martín Peña, the defendant herein, with the crime of assault with intent

to commit manslaughter. It is alleged therein that the accused, on or about January 2, 1911, within the jurisdiction of said court, illegally, voluntarily, and maliciously assaulted one José Berdejo with the intent to kill him, inflicting six wounds upon his body with a knife.

The case was tried before a jury on January 22 last, and a verdict of guilty returned for assault and battery with aggravating circumstances. Accordingly he was adjudged guilty of said offense and on the 23d of the same month was sentenced to imprisonment for one year in jail and to payment of costs.

In due time he took an appeal to this court, and the record contains a statement of the case, including the evidence introduced on the trial. Appellant filed no brief, but counsel appeared for him in oral argument. This practice of counsel appearing in oral argument without filing a brief is not to be commended. The *fiscal* files a written report on the case, in which he consents that the judgment be reversed and the prosecution dismissed on the plea of former jeopardy.

The record shows that on the arraignment, on November 6, 1911, the accused entered a plea of not guilty only, but in the statement of the case it appears that during the trial, after the jury was sworn and after the reading of the information, the defendant entered another plea—which he could properly do at that time, with the consent of the court which accepted it—that " he had been previously acquitted of the offense charged in the information, on a trial before the Municipal Court of San Juan, and therefore had been put in jeopardy once before for the same offense which is the subject of the information presented against him," and in support of his plea a certified copy of a judgment of acquittal rendered by the Municipal Court of San Juan, in a case of assault and battery, against José Berdejo and Martín Peña, was offered in evidence and admitted by the court, the

*fiscal* being permitted also to introduce in evidence a certified copy of the complaint in the same case.

After full argument and consideration, the trial court overruled the plea as presented. It seems·that the plea in bar, on account of former jeopardy, was erroneously taken for a demurrer or, as it is sometimes called, a peremptory exception. It further appears that such an error is more or less common in the trial courts on account of a mistranslation of section 169 of the Code of Criminal Procedure.

The English statute, which is the original, reads as follows:

"When the defendant is convicted or acquitted, or has been once placed in jeopardy upon an information, the conviction, acquittal, or jeopardy is a bar to another information for the offense charged in the former or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that information."

The Spanish translation reads as follows:

"*Si el acusado hubiere sido convicto o absuelto de una acusación, o estado en peligro alguna vez por la misma, tal convicción, absolución o peligro constituirá excepción perentoria a la nueva acusación por el delito imputado en la anterior, o por tentativa de cometerlo, o por cualquier delito necesariamente comprendido en la misma de que hubiera podido ser convicto en virtud de dicha acusación anterior.*"

It is seen by comparison that the word "bar" is translated as "*excepción perentoria,*" in the Spanish version. The word "bar" does not mean "*excepción perentoria*" but "*obstáculo*" or "*impedimento.*" The Spanish text should read: "*tal convicción, absolución o peligro constituirá impedimento a una nueva· acusación*" or *impedirá la presentación de nueva acusación.*"

At any rate the accused having pleaded his former jeopardy in the trial court, at the proper time and in due form, it was· the duty of that court to submit the matter to the consideration of the jury to be passed upon in their verdict.

By the evidence introduced on the trial, and in the presence of the jury, it was proven that the appellant was acquitted in the former case by the Municipal Court of San Juan of the same offense of which he was convicted in the district court, on a complaint for assault and battery. Of course, his plea of former jeopardy and proof of his acquittal should have protected him from a conviction of the aggravated assault and battery, which was had in the present case.

It is well settled by the consistent current of authority that when one is charged with an offense which includes another offense of lower grade, and is regularly tried and found guilty only of the lesser offense, the verdict operates as an acquittal of the offense charged, and he cannot be again tried for that offense, though a new trial is granted upon his motion, and we find by a reference to our own statutes that the offense of an assault with a deadly weapon is necessarily included in that of an assault with intent to commit manslaughter, and under an indictment or information charging the greater offense to have been committed with a deadly weapon, the defendant may be found guilty of the lesser. (*People* v. *Gordon,* 99 Cal., 228.) Then, of course, the offense of aggravated assault and battery, of which the defendant was convicted, was properly included in the crime of assault with intent to commit manslaughter, with which he was charged in the information, and he could have been properly convicted of the lesser offense had he not interposed his plea in bar. Now, having been formerly acquitted in the municipal court of the very same offense, he should not have been convicted thereof in the district court after pleading his former jeopardy in bar.

For the reasons indicated, the judgment of the court below should be reversed and the prosecution dismissed.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.